INLAND STEEL INDUSTRIES, INC., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND USINOR SACILOR, ET AL., DEFENDANT-INTERVENORS

Court No. 93–09–00567–CVD

(Dated December 5, 1997)

## JUDGMENT ORDER

CARMAN, *Chief Judge:* On June 2, 1997, this Court affirmed the Department of Commerce's determination in *Final Affirmative Countervailing Duty Determinations: Certain Steel Products from France*, 58 Fed. Reg. 37,304 (Dep't Comm. 1993) (final determ.), with the exception of the issue of whether certain Credit National export loans discovered at verification conferred a countervailable benefit on Usinor Sacilor. At the request of the Department of Commerce, that issue was remanded for further consideration. *See Inland Steel Industries, Inc. v. United States*, 967 F. Supp. 1338, 1381 (CIT 1997). In compliance with this Court's remand order, the Department of Commerce filed its remand results on August 11, 1997. *See Final Results of Redetermination Pursuant to Court Remand: Inland Steel Industries, Inc., Et Al. v. United States, and Usinor Sacilor Et Al., Consol. Ct. No. 93–09–00567–CVD, Slip Op. 97–71 and Order (CIT June 2, 1997)* (dated July 7, 1997) ("*Remand Determination*").

Noting that no parties to this action have filed comments on Commerce's *Remand Determination*, it is hereby

ORDERED That The Results Of The Department Of Commerce's *Remand Determination* Are Affirmed.

KOYO SEIKO CO., LTD. AND KOYO CORP. OF U.S.A., PLAINTIFF AND DEFENDANT-INTERVENOR *v.* UNITED STATES AND U.S. DEPARTMENT OF COMMERCE, DEFENDANT, AND TIMKEN CO., DEFENDANT-INTERVENOR

Court No. 94–12–00779

(Dated December 8, 1997)

## JUDGMENT

TSOUCALAS, *Senior Judge:* On September 18, 1997, this Court remanded to the Department of Commerce, International Trade Administration ("Commerce"), a single issue arising from the administrative review, entitled *Tapered Roller Bearings, Four Inches or Less in Diameter, and Components Thereof, From Japan*, 59 Fed. Reg. 56,035 (Nov. 10, 1994). *See Koyo Seiko Co. v. United States*, 21 CIT 1077, Slip Op. 97–134 (1997).

In particular, the Court ordered Commerce to revise its margin calculations for Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. (collectively "Koyo") to exclude U.S. sample sales if they were transferred without consideration, in a manner consistent with *NSK Ltd. v. United States*, 115 F.3d 965 (Fed. Cir. 1997).

On November 17, 1997, Commerce, in compliance with this Court's remand order, filed its *Final Results Redetermination Pursuant to Court Remand, Koyo Seiko Co. v. United States, Court No. 94–12–00779, Slip Op. 97–134 (Sept. 18, 1997)* ("Remand Results"), with this Court. In the Remand Results, Commerce explained that the information necessary to determine whether any Koyo U.S. sample sales were transferred without consideration is the same data that was absent in the underlying administrative reviews and for which the Courts found Commerce properly relied upon the best information available ("BIA"). Consequently, Commerce resorted to BIA in the Remand Results and, using Koyo's home market sample sales, determined that Koyo's U.S. sample sales were made with consideration. While Koyo filed comments on Commerce's draft Remand Results below, Koyo did not submit comments on the final Remand Results.

Under the circumstances, the Court concludes that Commerce's reliance on BIA is justified. Further, based on the fact that Koyo's home market sample sales were exchanged for consideration, the Court upholds Commerce's determination that Koyo's U.S. sample sales were made with consideration.

Commerce having complied with this Court's remand order, it is hereby

ORDERED that the Remand Results are affirmed in their entirety; and, all other issues having been previously decided, it is further

ORDERED that this case is dismissed.